THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTAVIS M. CHISM, <br><br> *Plaintiff*, <br> v. <br><br> ADVANCED TECHNOLOGY SERVICES, INC., <br><br> *Defendant*. | No. 25 C 02516 <br><br> Chief Judge Virginia M. Kendall |

**OPINION AND ORDER**

Plaintiff Antavis M. Chism brought this suit against his former employer, Advanced Technology Services, Inc. ("ATS"), alleging race discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. ATS moves to dismiss Chism's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 13). For the reasons set forth below, ATS's Motion to Dismiss [13] is granted and Chism's Complaint [1] is dismissed in its entirety without prejudice.

**BACKGROUND**

The Court takes the following facts as true and draws all permissible inferences in Chism's favor. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). ATS hired Antavis M. Chism, a black man, on August 7, 2023. (Dkt. 1 ¶¶ 8–9). Chism worked as a Supply Chain Specialist II until ATS terminated his employment on March 21, 2024. (*Id.* ¶¶ 9–10, 14). Chism alleges he was subject to harassment and discrimination based on his race during his time at ATS, which he claims escalated after he reported the alleged harassment and discrimination to ATS's human resources department on December 11, 2023. (*Id.* ¶¶ 11–12). On December 15,

2023, Chism filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 5). On April 1, 2024—after his termination—Chism either amended his original charge of discrimination or filed a second with the EEOC for retaliation. (*Id.*) The EEOC issued Chism a notice of his right to sue on December 10, 2024. (*Id.* ¶ 6). Chism's claims piggyback on those of Steven Duplessis, a black man to whom Chism reported until Duplessis's allegedly wrongful termination. (*Id.* ¶ 10). Like Chism, Duplessis also filed an EEOC complaint against ATS. (*Id.*)

Chism filed his Complaint with this Court on March 10, 2025, alleging race discrimination and retaliation in violation of Title VII. (Dkt. 1). Chism's complaint consists primarily of sweeping allegations that ATS discriminated against him because of his race "by refusing to accommodate his desire of a safe and free non-discriminatory [workplace] and for harassing and discriminating against [him] for the same, creating a hostile work environment." (*Id.* ¶ 20). Chism maintains that similarly situated white employees were able to enjoy a workplace "safe and free" from discrimination. (*Id.* ¶ 21). He asserts that his ultimate termination was based entirely on his Title VII-protected discrimination complaints to both ATS human resources and the EEOC. (*Id.* ¶¶ 5–6, 11, 27). According to Chism, ATS's conduct combined to create an "intolerable, hostile work environment." (*Id.* ¶ 28). ATS now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 13).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above the speculative level." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). At the 12(b)(6) stage, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in his favor. *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011). However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616 (citing *Iqbal*, 556 U.S. at 678).

## DISCUSSION

ATS moves to dismiss Chism's Complaint in its entirety for its reliance on conclusions without the necessary factual support. (*See generally* Dkt. 14). Chism fails to adequately respond to ATS's legal arguments, and instead baldly asserts that ATS's position is "not true." (Dkt. 22 at 2–3). For the reasons elaborated upon below, Chism must file an amended complaint if he wishes to address the deficiencies in his Complaint as it currently stands.

### I. Race Discrimination

ATS first asks the Court to dismiss Chism's Complaint for failure to sufficiently state a claim for race discrimination. (Dkt. 14 at 3). Title VII prohibits employers from discriminating against their employees based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To properly state a discrimination claim under Title VII, an employee must demonstrate "(1) that []he is a member of a protected class, (2) that []he suffered an adverse employment action, and (3) causation." *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (citing *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018)). The employee's race must only be a motivating factor in the challenged employment decision. *Id.* Still, it is not enough for a Title VII plaintiff to allege "mere labels and conclusions or a formulaic recitation of the elements of a cause of action."

3

*See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citing *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). Rather, the plaintiff must describe his claim in sufficient detail to afford the defendant fair notice of what the claim is and the grounds upon which it rests. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Chism fails to plead sufficient facts to provide ATS with fair notice of the grounds for his discrimination claim. The first element is straightforward: Chism claims he faced discrimination based on his skin color. (Dkt. 1 ¶ 17). As to the second element, adverse employment actions typically fall into three categories: "(1) termination or reduction in compensation, fringe benefits, or other financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce further career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." *Reives v. Ill. State Police*, 29 F.4th 887, 894 (7th Cir. 2022) (quoting *Barton v. Zimmer*, 662 F.3d 448, 453–54 (7th Cir. 2011)). While termination certainly constitutes a valid adverse employment action, Chism's discrimination claim focuses on what he experienced while working at ATS. Yet the Complaint lacks factual development with respect to what, if any, adverse, discriminatory employment actions he suffered prior to his termination, as Chism does not elaborate whatsoever on the alleged discrimination or "hostile work environment." (Dkt. 1 ¶ 20). For example, he does not state what "safe and non-discriminatory workplace rights" he was denied, describe the underlying conduct that he claims constituted discrimination, or identify any individuals who perpetrated the alleged discrimination. Without these details, it is difficult if not impossible for ATS—or the Court—to ascertain what it has alleged to have happened while Chism worked for ATS. *See Concentra Health Servs.*, 496 F.3d at 779–80. Chism's simple assertions that his former employer discriminated against him—without more—are conclusory allegations not

4

entitled to the presumption of truth. *See McCauley*, 671 F.3d at 616. Finally, Chism's mere assertion that his race was a "substantial factor motivating in ATS's decision to discriminate against" him is not enough to plausibly demonstrate causation. (Dkt. 1 ¶ 22).

Within his race discrimination claim, Chism makes casual references to experiencing "harassment" and a "hostile work environment." (Dkt. 1 ¶ 20). To the extent Chism attempts to plead claims for harassment or hostile work environment based on race, he has failed to plausibly state these claims. The standards for pleading harassment and hostile work environment claims are largely identical. Specifically, a plaintiff must allege facts indicating "(1) []he was subject to unwelcome harassment; (2) the harassment was based on [a Title VII-protected characteristic]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833–34 (7th Cir. 2015) (citing *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004)) (hostile work environment); *see also Rankin v. Chi. Park Dist.*, 2020 WL 6132235, at *4 (N.D. Ill. Oct. 19, 2020) (harassment). For harassment to rise to the level of a hostile work environment, the conduct at issue must be "sufficiently severe or persuasive to alter the conditions of employment such that it creates an *abusive* relationship." *Huri*, 804 F.3d at 834 (emphasis in original) (citing *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014)). Chism has adduced no facts indicating what unwelcome, harassing, or hostile conduct he faced, much less the severity or pervasiveness of any such conduct. Chism's Complaint thus does not allow the Court to reasonably infer that ATS is liable for harassment or hostile work environment. *See Iqbal*, 556 U.S. at 678. Accordingly, Count I is dismissed in its entirety under Rule 12(b)(6).

5

## II. Retaliation

ATS further asks the Court to dismiss Chism's Title VII retaliation claim. (Dkt. 14 at 7–10; Dkt. 1 ¶¶ 24–32). To properly state a retaliation claim, a plaintiff must "allege that []he engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)). The complaint must demonstrate "but-for" causation, meaning "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). "Bare-bones" allegations, however, do not plausibly connect an alleged statutorily protected activity to an adverse employment action. *See Carlson*, 758 F.3d at 828. In other words, Chism cannot support his retaliation claim simply by declaring that he engaged in protected activity and was later fired—which is exactly what he attempts to do.

Chism's retaliation claim simply recites the elements necessary to prove that claim without any facts to substantiate it. *See McCauley*, 671 F.3d at 616 (citing *Iqbal*, 556 U.S. at 678). Chism alleges he engaged in a Title VII protected activity by reporting ATS's "illegal acts," was terminated "due to discriminatory and retaliatory reasons," and that "[ATS's] decision to discriminate and retaliate against [him] was solely motivated by the fact that he reported harassment and discrimination." (Dkt. 1 ¶¶ 27–29). The only fact entitled to the presumption of truth in this list is that Chism engaged in some form of protected activity. The remainder of his allegations are naked conclusions. Chism fails to provide any context surrounding what he reported and to whom, who made the decision to terminate him, and whether the ultimate decisionmaker even knew Chism engaged in the protected activity of reporting ATS's allegedly "illegal acts." Relatedly, the Complaint lacks facts to demonstrate the requisite causal connection between Chism

6

reporting the harassment and discrimination to ATS's human resources department and the EEOC, and ATS's decision to terminate him. With such sparse support, Chism has failed to state a retaliation claim that is plausible on its face. *See Twombly*, 550 U.S. at 570. Count II must also be dismissed under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, ATS's Motion to Dismiss [13] is granted and Chism's Complaint [1] is dismissed in its entirety without prejudice. Chism is granted 21 days from the entry of this Order to file an amended complaint.

_____
Virginia M. Kendall
United States District Judge

Date: September 2, 2025